IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| GEORGE M. STOKES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| | * | |
| vs. | * | No. 5:06cv00148 SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| SOUTHERN STATES COOPERATIVE, INC., | * | |
| | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

This is a malicious prosecution action in which the plaintiff, George M. Stokes ("Stokes"), alleges defendant, Southern States Cooperative, Inc. ("Southern States"), filed and continued to pursue suit against him and his wife seeking judgment against them in the amount of $249,854.03 based on their guaranty of a promissory note when, in fact, the debt had been fully satisfied as found by a state trial court. This present action was originally filed in the Chicot County, Arkansas, Circuit Court but was removed to this Court by Southern States on June 9, 2006. Stokes subsequently filed a motion to remand, which this Court denied by Order dated November 24, 2006, following an agreed upon period of discovery limited to the issue of the citizenship of Stokes.[1]  The matter is now before the Court on motion of Southern States to

---

[1] Southern States, a Virginia citizen, sought removal based on diversity jurisdiction, 28 U.S.C. § 1332, claiming that Stokes is a citizen of Arkansas, not Virginia as Stokes claims in this action. This Court found by a preponderance of the evidence Stokes' physical presence and intent to remain in Arkansas, that is, domicile in Arkansas, and that this Court has

dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [doc.#15].[2] Stokes has responded in opposition to Southern States' motion. For the reasons that follow, the Court hereby grants Southern States' motion to dismiss.

I. Background

In March 1999, Stokes entered into an agricultural agreement with David Roberts and P & K Farms (collectively, "Roberts") whereby Roberts leased farmland from Stokes and agreed to plant crops in accordance with a planting plan. As rent, Roberts agreed to pay Stokes a share of the crops he produced. Roberts applied for and received crop financing from two related entities, Statesman Financial Corporation ("Statesman") and Southern States. In making their loans, Statesman and Southern States each obtained security interests in Roberts' soybean, cotton, and rice crops and farm equipment. Southern States also obtained a guaranty of the crop loan from Stokes.

Roberts additionally planted wheat on a portion of Stokes' land and, in April 2000, Roberts granted Southern a security interest in the wheat crop. Three weeks later, Southern notified Roberts that his loan was delinquent and threatened to sue if the unpaid balance was not paid within fifteen days. The wheat crop subsequently matured and Stokes harvested and delivered it to Farmers Grain Terminal, Inc.

---

diversity jurisdiction.

[2] Southern States alternatively moves for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). However, Southern States has not filed an answer to Stokes' complaint and the pleadings are therefore not "closed" within the meaning of Rule 12(c). *Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002). Accordingly, the Court will consider Southern States' motion as one pursuant to Fed.R.Civ.P. 12(b)(6). This is of no great consequence, however, as Rule 12(c) motions are essentially considered under the standards that govern Rule 12(b)(6) motions. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Upon learning of the harvest and delivery of the wheat crop, Southern States asserted entitlement to the wheat proceeds and made demand upon Stokes pursuant to the guaranty, asserting that Roberts' loan was in default. Stokes did not make payment on the guaranty and on June 21, 2000, Southern States filed suit in state court against Stokes seeking to collect under the guaranty, as well as to collect the funds received by Stokes from the sale of the wheat. Numerous other lawsuits arose out of the lease between Stokes and Roberts, involving multiple parties and overlapping claims, and the cases were consolidated.

The trial court ultimately made a number of rulings, including awarding Southern States the proceeds from the wheat sale and finding that the guaranty was valid, therefore granting Southern States' motion for summary judgment that argued there was no factual dispute as to the execution, liability, and amount of the guaranty executed by Stokes. Stokes, however, had also moved for summary judgment arguing that he had not guaranteed Roberts' debts to Statesman and that Southern States took payments addressed to it and applied them to the debt owed by Roberts to Statesman. The trial court granted Stokes' motion for summary judgment, finding that because Southern States applied payments intended for it to debts owed to Statesman, the guaranty had been satisfied.

Asserting that he prevailed in the guaranty action, Stokes filed a motion for attorney's fees. Southern States also filed a motion for attorney's fees, arguing that it had prevailed in the guaranty action. The trial court denied both motions, holding that in light of all the consolidated cases, neither party prevailed. Stokes appealed several rulings of the trial court, including the trial court's refusal to award attorney's fees and its ruling awarding wheat crop proceeds to Southern States. Southern States cross-appealed the trial court's refusal to award it attorney's

fees.

On October 11, 2006, the Arkansas Court of Appeals reversed and remanded, holding, among other things, that a trial was required to resolve the disputed interest of Southern States in the proceeds of the sale of the wheat crop, and that the determination of the "prevailing party" for purposes of attorney's fees must await the determination of the underlying claims. *Stokes v. Farmers Grain Terminal, Inc.*, 2006 WL 2879451 (Ark.App. Oct. 11, 2006).[3]

## II. Discussion

Southern States moves to dismiss Stokes' complaint on grounds that the underlying suit on which Stokes bases his malicious prosecution claim is still pending in the trial court – having been remanded from the Arkansas Court of Appeals – and that there thus has not been a termination of the proceeding in favor of Stokes, a requirement for maintaining a malicious prosecution action. *See, e.g., Forrest City Mach. Works, Inc. v. Mosbacher*, 312 Ark. 578, 583-84 (1993) (essential elements of the tort of malicious prosecution are: 1) institution of a legal proceeding; 2) termination of that proceeding in favor of the plaintiff; 3) absence of probable cause to institute the proceeding; 4) malice; and 5) damages). Stokes, however, argues the trial court granted summary judgment in his favor on the question of whether the guarantee obligation had been satisfied, and that the issue he appealed to the Arkansas Court of Appeals concerning that claim is the trial court's refusal to award him attorney's fees, an issue that will not alter the finality of the trial court's ruling in his favor on the guaranty obligation.

---

[3] The factual background as stated above is taken in large part from the opinion of the Arkansas Court of Appeals.

1.

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all facts alleged in the complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997). The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996), *cert. denied*, 519 U.S. 1149 (1997). A motion to dismiss should be granted "'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). When considering a motion to dismiss under Rule 12(b)(6) (or for judgment on the pleadings), a court generally must ignore materials outside the pleadings, but it may consider materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *Porus Media Corp. v. Pall Corp.*, 186 F3d 1077, 1079 (8th Cir. 1999).

2.

This Court concludes that because the complaint filed by Southern States on June 21, 2000, has not been ultimately resolved – the wheat issue has yet to be tried as directed by the Arkansas Court of Appeals and a determination of "prevailing party" made for purposes of attorney's fees – there has not been a termination of the proceedings as required for a malicious prosecution action. In essence, Stokes is applying a severability analysis to Southern States'

complaint, arguing that the guarantee issue in the complaint, for which summary judgment has been granted, is severable from the wheat issue in the complaint, which remains pending. Stokes cites no Arkansas authority applying such a severability analysis to the favorable termination element of a malicious prosecution claim, however, and this Court does not presume that Arkansas courts would adopt the position Stokes now espouses.[4] Rather, in Arkansas, "'[o]ne matter which it is essential to show in a suit for malicious prosecution is that the prior prosecution or suit is ended, and plaintiff in the malicious prosecution action is finally discharged therefrom.'" *Farm Service Cooperative, Inc. v. Goshen Farms, Inc.*, 267 Ark. 324, 335-36 (1979) (quoting *Hales v. Raines*, 162 Mo.App. 46 (1911)). As the prior suit upon which Stokes bases his malicious prosecution claim has not ended, this present action is premature.

III.

For the foregoing reasons, the Court grants Southern States' motion to dismiss [doc.#15]. Judgment will be entered dismissing this action without prejudice.

IT IS SO ORDERED this 9th day of January 2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4] Other courts have rejected such a severability analysis in a malicious prosecution action. *See, e.g., Staffpro, Inc. v. Elite Show Services, Inc.*, 136 Cal.App.4th 1392, 1402-05 (Cal.App.4 Dist. 2006) (noting that California Supreme Court has rejected severability analysis in favorable termination element of malicious prosecution cause of action; instead courts must look to the judgment in the underlying action "'as a whole'") (quoting *Crowley v. Katleman*, 881 P.2d 1083 (Cal.Sup.Ct. 1994)).